IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

STANLEY E. MARTIN, JR.,
ERIC JAMES HENDRICKSON and
DIANNE HENDRICKSON,

       Plaintiff-Relators,    OPINION AND ORDER

v.    14-cv-418-wmc

GOVERNOR SCOTT WALKER, *et al.*,

       Defendants.

---

  Plaintiff-relators Stanley E. Martin, Jr., Eric James Hendrickson and Dianne Hendrickson have filed this civil action under the False Claims Act, 31 U.S.C. § 3729, against several state officials. Plaintiffs are *pro se* and they have paid the filing fee. In screening any pro se litigant's complaint, the court must construe the claims generously. *Haines v. Kerner*, 404 U.S. 519, 521 (1972). After reviewing the pleadings in this light, the court concludes that the complaint must be dismissed for reasons set forth below.

BACKGROUND

  Stanley E. Martin, Jr., is currently in custody of the Wisconsin Department of Health Services at the Sand Ridge Secure Treatment Center pursuant to a civil commitment order entered under the state Sexually Violent Persons statute, Wis. Stat. ch. 980. Erick James Hendrickson is also in custody at Sand Ridge pursuant to Chapter 980. Hendrickson's wife, Dianne Hendrickson, resides in Rothschild, Wisconsin.

  Defendants include the Governor of the State of Wisconsin Scott Walker; Secretary of the Wisconsin Department of Health Services Kitty Rhoads; Secretary of the

Department of Corrections Edward F. Wall; Sex Offender Registry Specialist Valerie Santana; and Director of the Sand Ridge Secure Treatment Center Deborah McCulloch.

Plaintiffs bring this action under the False Claims Act, 31 U.S.C. § 3729, alleging that the defendants have defrauded the United States by illegally obtaining federal funds under the Sex Offender Registration Notification Act ("SORNA"), 42 U.S.C. § 16915(a), for offenders who are not actually in custody or civilly committed. In particular, plaintiffs note that all sex offenders civilly committed at Sand Ridge under Chapter 980 are listed in the state sex offender registry as "under DHS supervision" at a "supervised living facility." Plaintiffs maintain that this violates SORNA, which requires states to provide "detailed and accurate records" of all sex offenders who are civilly committed and confined in a secure mental health facility. By inaccurately characterizing civilly committed sex offenders as residing in a supervised living facility, as opposed to a secure mental health facility, plaintiffs maintain that defendants are liable for making false claims. Plaintiffs seek injunctive relief and damages.

OPINION

Although plaintiffs paid the filing fee in this case, a district court is authorized to conduct limited screening and to dismiss, *sua sponte*, a fee-paid complaint if it appears the allegations are "totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) (citing *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974)); *see also Fitzgerald v. First East Seventh Street Tenants Corp.*, 221 F.3d 362, 364 (2d Cir. 2000) (holding that "district courts may dismiss

a frivolous complaint *sua sponte* even when the plaintiff has paid the required filing fee, just as the Court of Appeals may dismiss frivolous matters in like circumstances"). *Sua sponte* dismissal is also appropriate where claims lack "legal plausibility necessary to invoke federal subject matter jurisdiction." *Apple*, 183 F.3d at 480.

As noted above, plaintiffs invoke the False Claims Act as a basis of liability for publishing inaccurate information on the state sex offender registration website. The False Claims Act imposes liability against any person who:

> (1) knowingly presents, or causes to be presented, to an officer or employee of the United States Government . . . a false or fraudulent claim for payment or approval; (2) knowingly makes, uses, or causes to be made or used, a false record or statement to get a false or fraudulent claim paid or approved by the Government; [or] (3) conspires to defraud the Government by getting a false or fraudulent claim allowed or paid.

31 U.S.C. § 3729(a)(1)-(3); *see United States ex rel. Gross v. AIDS Research Alliance-Chicago*, 415 F.3d 601, 604 (7th Cir. 2005). The False Claims Act establishes civil penalties for those who violate its terms, with penalties ranging from $5,000 to $10,000, "plus 3 times the amount of damages which the Government sustains." 31 U.S.C. § 3729(a)(1)(G).

Although the Attorney General can enforce these provisions, the False Claims Act also provides for enforcement through the empowerment of "private attorneys general." *United States v. King-Vassel*, 728 F.3d 707, 711 (7th Cir. 2013) (quoting *Stalley v. Methodist Healthcare*, 517 F.3d 911, 917 (6th Cir. 2008)). In that respect, the False Claims Act allows private citizens, called relators, to bring *qui tam* suits against alleged fraudsters on behalf of the United States government. *See* 31 U.S.C. § 3730(b); *Vermont Agency of*

3

*Natural Resources v. United States ex rel. Stevens*, 529 U.S. 765, 773-74 (2000). The United States may intervene in a *qui tam* suit, 31 U.S.C. § 3730(b)(2), or the relator may prosecute the case on his own (although still technically on behalf of the United States). 31 U.S.C. § 3730(c)(3). *King-Vassel*, 728 F.3d at 711. Under either option, if the prosecution of the alleged fraudster is successful, the relator can receive a substantial award for bringing the false claim to light. 31 U.S.C. § 3730(d)(1)-(2); *United States ex rel. Gear v. Emergency Med. Assocs. of Ill., Inc.*, 436 F.3d 726, 727 (7th Cir. 2006).

In this instance, the government has received notice of plaintiffs' suit, but has not intervened, which raises a question whether plaintiffs may maintain this suit on the government's behalf. To maintain a suit on behalf of the government, the relator or *qui tam* plaintiff must be either licensed as a lawyer or represented by a lawyer. *Georgakis v. Illinois State University*, 722 F.3d 1075, 1077 (7th Cir. 2013). In that respect, a party can represent himself or be represented by an attorney, but cannot be represented by a nonlawyer in federal court. *See Lewis v. Lenc-Smith Mfg.*, 784 F.2d 829, 830-31 (7th Cir. 1986) (per curiam); *see also Gonzales v. Wyatt*, 157 F.3d 1016, 1021 (5th Cir. 1998) (citing *Eagle Associates v. Bank of Montreal*, 926 F.2d 1305, 1308-09 (2d Cir. 1991) (reviewing authorities)). None of the plaintiffs are licensed to practice law. Because a non-lawyer cannot handle a case on behalf of anyone except himself, plaintiffs may not maintain this suit as a *qui tam* action and this case must be dismissed.

Dismissals for lack of proper representation are normally without prejudice. *See Georgakis*, 722 F.3d at 1078. Here, however, plaintiffs do not articulate a viable claim.

Plaintiffs neither plead fraud with the particularity required by Fed. R. Civ. P. 9(b) nor allege facts showing that any of the defendants made a false claim in order to receive money from the federal government.  *See United States ex rel. Lusby v. Rolls-Royce Corp.*, 570 F.3d 849, 853-54 (7th Cir. 2009); *see also United States ex rel. Crews v. NCS Healthcare of Ill., Inc.*, 460 F.3d 853, 856 (7th Cir. 2006) (discussing the necessity of an actual claim to Medicaid as a basis for FCA liability).   Their suit is, therefore, legally frivolous.

ORDER

IT IS ORDERED that civil action filed by Stanley E. Martin, Jr., Eric James Hendrickson and Dianne Hendrickson is DISMISSED with prejudice as legally frivolous.

Entered this 21st day of July, 2014.

BY THE COURT:

/s/
_____
WILLIAM M. CONLEY
District Judge