IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

STANLEY E. MARTIN, JR.,
ERIC JAMES HENDRICKSON and
DIANNE HENDRICKSON,

|  |  |
|---|---|
| Plaintiffs, | ORDER |
| v. | 14-cv-418-wmc |

HON. SCOTT WALKER, *et al.*,

Defendants.

---

On July 21, 2014, the court dismissed the proposed civil action filed by plaintiffs Stanley E. Martin, Jr., Eric James Hendrickson and Dianne Hendrickson as legally frivolous.  Plaintiffs have now filed a motion for reconsideration or relief from the final judgment pursuant to Fed. R. Civ. P. 60(b)(6).  The motion will be denied for reasons set forth briefly below.

Plaintiffs do not invoke any of the specific grounds for relief from judgment under Fed. R. Civ. P. 60(b)(1)-(5).[1]  Instead, plaintiffs seek relief under the "catch-all" provision, which permits relief from a final judgment for "any other reason that justifies relief." Fed.R.Civ.P. 60(b)(6). A motion for relief from judgment under Rule 60(b)(6) may be granted in only "extraordinary circumstances." *Agostini v. Felton*, 521 U.S. 203, 239 (1997); *Arrieta v. Battaglia*, 461 F.3d 861, 865 (7th Cir. 2006).

---

[1] Under Rule 60(b), a district court "may relieve a party . . . from a final judgment, order, or proceeding for the following reasons:  (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged . . . ; or (6) any other reason that justifies relief."  Fed. R. Civ. P. 60(b).

Here, plaintiffs dispute the court's conclusion, but they do not raise any argument or issue that could not have been presented in a timely appeal. Rule 60(b) may not be used to relitigate issues resolved by the judgment. *Agostini*, 521 U.S. at 257 (citation omitted). Likewise, a motion under Rule 60(b) cannot be used to raise contentions that could have been made in a timely appeal. *See Kiswani v. Phoenix Sec. Agency, Inc.*, 584 F.3d 741, 743 (7th Cir. 2009) ("A motion under Rule 60(b) is a collateral attack on the judgment and the grounds for setting aside a judgment under this rule must be something that could not have been used to obtain a reversal by means of a direct appeal.") (citation omitted); *Donald v. Cook Cnty. Sheriff's Dep't*, 95 F.3d 548, 558 (7th Cir. 1996) ("Issues which could have been raised on direct appeal are ordinarily not appropriate grounds for Rule 60(b) relief."). Thus, plaintiffs do not demonstrate that extraordinary circumstances warrant relief under Fed. R. Civ. P. 60(b)(6). *See, e.g., Liljeberg v. Health Serv. Acquisition Corp.*, 486 U.S. 847, 863-64 & nn. 10-11 (1988); *Nash v. Hepp*, 740 F.3d 0175, 1078-79 (7th Cir. 2014). Accordingly, their motion is denied.

## ORDER

IT IS ORDERED that plaintiffs' motion for reconsideration (dkt. # 7) is DENIED. Entered this 4th day of August, 2014.

BY THE COURT:

/s/

_____

WILLIAM M. CONLEY
District Judge